## C. VERY *v.* L. VERY.

The law authorizes the wife to withdraw the administration of her paraphernal property from her husband, although she had previously left the administration of it to him.

Although the husband who is head and master of the community, cannot, from the peculiar relation subsisting between husband and wife, exercise any right of action against the wife for damages occasioned to the community by his wife's acts, yet, he can not be compelled to pay back to her moneys employed by him, with her consent, for the benefit of the community, without taking account of the property retained by the wife belonging to the community, and of the losses by the community in consequence of the wife's resistance of the marital authority.

APPEAL from the Parish Court of East Baton Rouge, *Burk,* J.

*C. A. Johnson,* and *Geo. S. Lacey,* for plaintiff.   *A. M. Dunn,* for defendant and appellant.

OGDEN, J.   This suit was instituted by the plaintiff against her husband for a separation of property and to recover certain sums of money alleged to be due to her on account of her paraphernal rights.   The petition sets forth certain property, consisting entirely of negroes as the paraphernal estate of the plaintiff, of which she prays to be decreed the separate administration.   The suit was brought in December; 1850.

The defendant avers in his answer that, in the month of June, 1848, his wife had abandoned their common dwelling, which was on a plantation purchased since their marriage, and had taken with her all the negroes on the place, and besides, movable effects belonging to him and to the community, and that she had never since returned; he prays that she may be summoned to return to the matrimonial domicil, and in default of her doing so, asks for a judgment of separation from bed and board, and he also sets up claims in reconvention against his wife for separate debts of hers paid by him during the marriage, for the value of the movable effects taken off by her, and for damages sustained in the loss of the entire crop of 1848, and his subsequent bankruptcy and ruin in consequence of her taking the negroes from the plantation.

The plaintiff had judgment decreeing to her the free administration of her separate estate, dissolving the community and condemning the defendant to pay her certain sums of money as due to her on account of her paraphernal estate.   The judgment further decrees that the defendant be separated in bed and board from the plaintiff, and that the plaintiff recover from defendant all the costs of suit.   The claims in reconvention set up by the defendant against his wife were all rejected, and he has appealed from the judgment.

The right of the plaintiff to the negroes decreed to her by the judgment as her separate property is not questioned and the power is given to her by law to withdraw the administration of her paraphernal property from her husband, although she had previously left it to him.   By Art. 2368, the wife has a right of action against the husband, even during marriage, for the restitution of her paraphernal effects and their fruits.   This right of action the plaintiff has cumulated in the present suit with the action accorded to her by Article 2399, of suing for a separation of property on the ground of the disorder of her husband's affairs.

The evidence establishes that the wife when she left her husband carried away effects of the community, of which she still retained possession at the dissolution of the community by the judgment in her favor, and it is also

37

shown that by inopportunely withdrawing her negroes from the plantation belonging to the community, on which she had consented that they should be employed to make a crop, that a loss was sustained by the community to the amount of $2000. Although the husband who is head and master of the community, cannot, from the peculiar relation subsisting between husband and wife, exercise any right of action against the wife for damages occasioned to the community by his wife's acts, yet it would not be equitable and just to compel him to pay back to her moneys employed by him with her consent for the benefit of the community, without taking account of the property retained by the wife belonging to the community and of the losses sustained by the community in consequence of the wife's resistance of the marital authority. If instead of taking the negroes from the plantation in the absence of and against the consent of the husband, the plaintiff had demanded them through the ministry of the laws, the right would have been accorded to her in such a manner as to inflict no injury on the husband, who on the faith of his wife's consent to employ her negroes on their common plantation, had incurred the expense of pitching a crop, which it was necessary for the interest of both parties should not be sacrificed. The principle, "Sic tuo utere ut alienum non lædas," ought to govern transactions between husband and wife, as well as between other persons.

As the plaintiff had resumed the separate administration of her paraphernal estate and was in possession of all the property belonging to her before the institution of the suit, and the defendant has died since the appeal was taken ; we think justice will be promoted by nonsuiting the plaintiff and leaving all matters growing out of the community and the claims of the wife on it, to be settled in the due course of administration of the husband's estate. It is therefore ordered, adjudged and decreed, that the judgment of the court below be avoided and reversed and that the suit be dismissed, as in case of nonsuit, reserving to the defendant all his rights under the demand in reconvention, and that the plaintiff pay costs in both courts.